**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIE DAMUS, BRYAN CACEIDO, | Civ. No. 2:25-cv-13854 (WJM) |
| Plaintiffs, | |
| v. | |
| PRIMARK US CORP., AMEREAM LLC, NEW JERSEY STATE POLICE, | **OPINION** |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this civil rights action, Defendants Ameream LLC ("Ameream") and the New Jersey State Police ("the State Police") each move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1] ECF Nos. 9, 10. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the motions to dismiss are **granted**.

## I.    BACKGROUND

The American Dream Mall in East Rutherford, New Jersey ("the Mall") is owned and operated by Ameream. Complaint ¶ 4. On June 17, 2023, Plaintiffs Maria Damus and Bryan Caceido ("Plaintiffs") were shopping at were in the Mall at the store operated by Primark when members of the store staff summoned State Police based on Plaintiffs' purportedly suspicious criminal activity. *Id.* at ¶¶ 9, 13. State Police detained and handcuffed Plaintiffs outside of Primark before taking them to the local barracks. *Id.* at ¶¶ 11, 15. Plaintiffs were eventually released without being charged. *Id.* at ¶ 11.

On June 17, 2025, Plaintiffs filed suit in state court seeking damages for "extreme embarrassment, public humiliation, and other permanent mental and emotional injuries." *Id.* at ¶ 16. Count One is an excessive force claim against Ameream and the State Police under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments as well as the New Jersey Civil Rights Act ("NJCRA"). In Count Two, Plaintiffs assert a state common law false imprisonment claim against the State Police. Based on the existence of the §1983 claim, the State Police removed this action to federal court on July 29, 2025. *See* Not. of Removal, ECF No. 1.

---

[1] Primark US Corp. ("Primark") also moved to dismiss, ECF No. 17, but on November 3, 2025, Plaintiffs voluntarily dismissed their action against Primark. ECF No. 22. Primark's motion is therefore **denied as moot**.

1

The State Police moves to dismiss Count I because it is not a "person" subject to suit under § 1983 or the NJCRA and Count II on the grounds that false imprisonment is an intentional tort for which it cannot be held liable. Ameream also moves to dismiss the § 1983 claim arguing that it is not a state actor, that it did not act under color of state law, and that Plaintiffs have not stated facts to support a claim for excessive force.

## II.    DISCUSSION

### A.  Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### B.  Count I - Excessive Force Under 42 U.S.C. § 1983 Against All Defendants

#### 1.  *State Police*

It is well settled that "the States, arms of the States, and state officials acting in their official capacities, are not 'persons' within the meaning" of § 1983 and the comparable language of the NJCRA. *Didiano v. Balicki*, 488 Fed. Appx. 634, 638 (3d Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiffs do not dispute that the "New Jersey State Police is an arm of the state" and thus may not be sued under § 1983 or the NJCRA. *Morris v. United States*, No. 12-2926, 2014 WL 1272104, at *3 (D.N.J. Mar. 27, 2014). Instead, Plaintiffs request leave to amend their Complaint asserting that they have newly discovered the identities of the persons who acted on behalf of the State Police. Count I is **dismissed with prejudice** as to the State Police, but leave is **granted** to amend the Complaint to name previously unknown individual state actors.

2

### 2. *Ameream*

A § 1983 claim requires that plaintiff "'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Harvey v. Plains Twp. Police Dep't,* 421 F.3d 185, 189 (3d Cir. 2005) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)). "To satisfy the state action requirement, the defendant must have used authority derived from the state in causing the alleged harm." *Id.*

Here, the only wrongdoing pled against Ameream is that it "tacitly endorsed" the "targeting of innocent persons by unwarranted complaints at stores located in the American Dream Mall," Compl. ¶ 14, and that it had an "unwritten policy" that Primark employees followed that allowed for false reports against law abiding shoppers," *id.* at ¶ 20. These allegations fail to show that "there is 'such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis,* 423 F.3d 337, 339 (3d Cir. 2005); *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009); *see also Cruz,* 727 F.2d at 80, 82 (finding that in cases involving suspected shoplifters, liability of store and its manager under § 1983 is foreclosed by absence of "any allegation of an agreement subordinating the policemen's judgment to that of [the store and its manager]"). The allegations against Ameream, taken as true, do not show a close nexus to the State such that their conduct may be fairly treated as state action. Plaintiffs' claim that Defendants acted "under color of law" is a mere conclusory recitation of an element of a § 1983 claim and insufficient to defeat a motion to dismiss. *See* Compl. ¶ 22.

Even if the minimal allegations against Ameream could be viewed as state action, the Complaint contains no facts that show that Ameream, by having an unwritten policy or "tacitly endorsing" the targeting innocent persons, engaged in excessive force or even applied *any* "force" to Plaintiffs. However, because Plaintiffs request leave to file an amended complaint based on newly discovered information, Count I against Ameream is **dismissed without prejudice.**

### C. Count II - Common Law False Imprisonment Against The State Police

Under the New Jersey Tort Claims Act ("TCA"), "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J.S.A. § 59:2-10. The TCA "has been interpreted to immunize public entities from intentional torts committed by its employees." *Beam v. Twp. of Pemberton,* No. 19-20380, 2023 WL 2496460, at *29 (D.N.J. Mar. 14, 2023). "False imprisonment is an intentional tort." *M.K. ex rel. D.K. v. Hillsdale Bd. of Educ.,* No. 06-1438, 2006 WL 2067177, at *4 (D.N.J. July 20, 2006) (citing *Ptaszynski v. Uwaneme,* 371 N.J. Super. 333, 343 (App. Div.2004)); *see also Velez v. City of Jersey City,* 180 N.J. 284, 291-295 (2004) (noting that despite public entity's possible immunity from liability, notice

provision of TCA has been applied in cases involving intentional conduct such as false imprisonment). *See e.g., Beam,* 2023 WL 2496460, at \*29 (holding that township and its police department were entitled to immunity from intentional torts including false imprisonment); *M.K. ex rel. D.K.,* 2006 WL 2067177, at \*4 (finding false imprisonment claim to be barred against school and its board under N.J.S.A. 59:2–10).[2] Therefore, the State Police is entitled to immunity from liability for false imprisonment under the TCA. Moreover, Plaintiffs fail to object to or even address the State Police's motion to dismiss the false imprisonment claim. Count II is **dismissed with prejudice**.

## III.    CONCLUSION

For the reasons noted above, Defendants' motions to dismiss are **granted.** Counts I and II are **dismissed with prejudice** against the State Police. Count I is **dismissed without prejudice** as to Ameream. Plaintiffs may file an amended complaint within 30 days of the date of this Opinion adding previously unknown individual state actors and/or curing the deficiencies discussed in this Opinion. If Plaintiffs fail to do so, the § 1983 claims against Ameream shall be dismissed with prejudice. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: November 10, 2025

---

[2] *But see Gurvey v. Twp. of Montclair New Jersey,* No. 19-17525, 2022 WL 970303, at \*18 (D.N.J. Mar. 31, 2022) ("An officer 'need not act in bad faith or with intentional or willful disregard of a person's rights; rather, the officer may falsely imprison a person through mere negligence.'" (citing *Merman v. City of Camden,* 824 F. Supp. 2d 581, 598 (D.N.J. 2010)).