# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARIE DAMUS, BRYAN CACEIDO, <br><br> Plaintiffs, <br> v. <br><br> PRIMARK US CORP., AMEREAM LLC, NEW JERSEY STATE POLICE, <br><br> Defendants. | Civ. No. 2:25-cv-13854 (WJM) <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is a motion for reconsideration of the portion of the Court's May 6, 2026 Amended Opinion and Order denying Ameream LLC's ("Ameream") motion to dismiss Count VI (negligence) of the Amended Complaint. ECF No. 52. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Ameream's motion for reconsideration pursuant to Local Civil R. 7.1(i) is **denied**.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case and only briefly summarizes them here. On June 17, 2023, Plaintiffs Maria Damus and Bryan Caceido ("Plaintiffs") were shopping at the Primark store ("Primark") in the American Dream Mall ("the Mall"), owned and operated by Ameream LLC ("Ameream"). Amended Complaint ("AC") ¶¶ 3, 13, 14, ECF No. 26. There, Plaintiffs were identified by Mall security as suspects of the theft and usage of stolen credit cards. *Id.* ¶¶ 18, 19, 21, 24. Mall security did not witness any suspicious behavior by Plaintiffs and purportedly failed to conduct any "meaningful investigation" of the theft despite having "access to additional surveillance footage that could have fully exonerated Plaintiffs." *Id.* ¶¶ 23, 28. New Jersey State Police Troopers ("State Police"), relying on only the Mall security's identification, detained and transported Plaintiffs to the local State Police barracks. *Id.* ¶¶ 30-31, 33. Eventually, Plaintiffs were released without being charged with any criminal or civil violation after surveillance video proved that Plaintiffs were not the individuals who used the stolen credit card and did not match the description of the thieves. *Id.* ¶ 34, 35.

On June 17, 2025, Plaintiffs filed suit in state court against Ameream, Primark, and the State Police alleging excessive force under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA") as well as state common law false imprisonment. Plaintiffs voluntarily dismissed their claims against Primark. ECF No. 22. On November 12, 2025,

1

on Defendants' motions, the Court dismissed with prejudice the § 1983 claim against the State Police and also dismissed the § 1983 claims against Ameream without prejudice. ECF Nos. 24, 25.

Plaintiffs filed an Amended Complaint on December 12, 2025 alleging § 1983 and NJCRA claims against newly added individual members of the State Police ("Troopers"). *See generally* Amended Compl. Plaintiffs also realleged § 1983 claims against Ameream and added a common law negligence claim. *Id.* By Opinion and Order dated April 29, 2026, the Court denied the Troopers' motion to dismiss the civil rights claims based on qualified immunity and granted Ameream's motion to dismiss both the § 1983 and negligence claims. On its own review of the issues and negligence under New Jersey law, the Court reconsidered *sua sponte* the motion to dismiss the negligence claim. As a result, the Court issued an Amended Opinion and Order on May 6, 2026 ("Amended Decision") reinstating Plaintiffs' negligence claim against Ameream. ECF Nos. 49, 50. Ameream now seeks reconsideration of the Amended Decision.

## II.    DISCUSSION

### A. Rule 7.1(i) Standard

Local Civil Rule 7.1(i) states that the party seeking reconsideration set forth the matter or controlling decisions that the Court has overlooked. A motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It is improper on a motion for reconsideration "'to ask the Court to rethink what is had already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citing *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Mere disagreement with a court's decision or attempts "to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order," are not appropriate bases on which to bring a motion for reconsideration. *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019); *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "A motion for reconsideration is 'an extremely limited procedural vehicle' which is to be granted 'sparingly.'" *Brady v. Twp. of Woodbridge*, No. 19-17868, 2022 WL 111060, at *1 (D.N.J. Jan. 12, 2022) (quoting *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000)).

Ameream argues that reconsideration of the Amended Decision is warranted because 1) it was procedurally improper for the Court to have amended its initial Opinion and Order *sua sponte*; and 2) the Amended Decision contains clear errors of law.

2

B. *Sua Sponte* Reconsideration

First, Ameream does not dispute that the Court retains authority to amend its orders. *See* Ameream Reply Br., 7; Fed. R. Civ. P. 54(b); Fed. R. Civ. P. 59(e); Local Civ. Rule 7.1(i); *Fung v. Wells Fargo Bank*, No. 22-01099, 2022 WL 1617659, at *2 (D.N.J. May 23, 2022) ("Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under [Rule] 59(e)." (citation modified)). Rather, Ameream disputes the Court's authority to have reconsidered its initial ruling *sua sponte.* Ameream's challenge has no merit. *See* Local Civ. Rule 7.1, Allyn Lite 2026 Edition Comments ("[T]he Court itself may reconsider its own decisions, with or without a motion by the parties..."); *see e.g., DeFranco v. Wolfe*, 387 F. App'x 147, 155 (3d Cir. 2010) (concluding that the district court did not err in its *sua sponte* reconsideration of the motion for summary judgment on retaliatory transfer claim); *Bryant v. New Jersey Dep't of Transp.*, 998 F. Supp. 438, 442 (D.N.J. 1998) (reconsidering and vacating decision to dismiss complaint *sua sponte*).

Moreover, the Court rejects Ameream's contention that the *sua sponte* nature of the Amended Decision deprived it of the opportunity to respond as to reconsideration. Ameream had the opportunity to submit "full briefing" on the merits of its position that it owed no duty to Plaintiffs under New Jersey law. Ameream Br. at 8, ECF No. 52-1. *See DeFranco*, 387 F. App'x. at 156 (finding that the plaintiff's contention that he could have submitted additional evidence or argument for reconsideration fell short of showing prejudice). Nor does Ameream contend that it was prejudiced by its reliance on the initial ruling during the seven days before the Amended Decision. Finally, for the reasons stated in the Amended Opinion and explained further below, the Amended Decision was proper under Local Rule 7.1(i) standards.

C. Negligence

As the Court has previously noted, Plaintiffs did not provide any legal basis to support their position that a landowner's duty of care to its invitees to discover and eliminate physically dangerous conditions encompasses a duty to conduct a full investigation before reporting criminal conduct to police. However, in its amended ruling, the Court corrected what it had overlooked – that while Plaintiffs did not identify a landowner's duty to investigate that arises under the general rule of premises liability, Plaintiffs' allegations are sufficient to support a claim that Ameream breached the general duty that landowners owe to exercise reasonable care to avoid the risk of harm to another. *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 502 (1997) (citation modified). That duty to prevent harm is clearly not limited to harm from physical hazards on the premises given that "the scope of a landowner's duty to protect its invitees from criminal acts of third parties may include providing security guards." *Id.* at 517. Whenever a guard is employed, a private security guard has a limited role that does not include "undertak[ing] the duties of a police officer, such as investigating crimes, apprehending suspects, and

3

prosecuting criminal offenders," but does include being "available to report suspicious criminal activities to the police and thus help to avert criminal conduct." *Id.* at 519. The duty to report suspicious conduct (distinct from the duty to conduct a full investigation), which Ameream undertook, must be performed with reasonable care to avoid the risk of harm. *See* Restatement (Second) of Torts § 323 ("One who undertakes, gratuitously or for consideration, to render services to another ... is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise such care increases the risk of such harm, ...").

The risk of harm that could result from negligently reporting criminal activity, *e.g.,* false arrest, is reasonably foreseeable. *Komlodi v. Picciano*, 217 N.J. 387, 418 (2014) ("So long as the injury or harm suffered was within the realm of reasonable contemplation, the injury or harm is foreseeable."). Due care means may include not disregarding readily available exculpatory evidence. The limited duty of Ameream's security guards to report suspicious conduct, when undertaken, must be done with reasonable care.

Ameream asserts that imposing tort liability for reporting a suspect that might be innocent would chill the reporting of criminal activity that public policy favors. To be clear, the Court's ruling in this case does not rest on the ultimate guilt or innocence of the suspects but rather recognizes that a landowner owes a duty of due care when it undertakes to report or identify customers as criminal suspects. Thus, for example, had Ameream's security officers reviewed readily available video surveillance footage before reporting Plaintiffs to police, the Amended Complaint would have lacked a factual basis to support a negligence claim against Ameream.

Even if a duty exists, Ameream also contends that Plaintiffs' negligence claim fails on causation because the Troopers' exercise of independent judgment to handcuff and transport Plaintiffs to police barracks were superseding or intervening acts that broke the chain of causation between the wrongful act and Plaintiffs' injury. However, "intervening causes that are 'foreseeable' or the 'normal incidents of the risk created' will not break the chain of causation and relieve a defendant of liability." *Id.* (citation modified). Police acting on a security guard's identification and report of criminal conduct is the foreseeable and arguably intended result. In any event, "whether a particular risk is foreseeable and whether the act of another is one of the 'normal incidents of the risk created' are issues for the jury." *Id.* at 419. Accepting all of the facts pled in the Amended Complaint as true, Plaintiffs have pled fact that sufficiently show proximate cause to defeat a motion to dismiss.

Finally, Ameream incorrectly concludes that because the Court dismissed the § 1983 claim against Ameream, it is illogical and inconsistent to sustain a negligence claim against Ameream. A § 1983 claim alleging that Ameream acted in concert with state actors by directing the Troopers to handcuff and detain Plaintiffs is separate and distinct from a negligence claim that Ameream breached its duty to exercise due care in reporting criminal

4

conduct. That is, the Court's determination that Ameream did not act under color of state law is not inconsistent with Plaintiffs' claim that Ameream did not act with reasonable due care when reporting the theft.

The Court's Amended Decision properly reinstated the negligence claim against Ameream. Ameream has not set forth a clear error of law, intervening change in controlling law, or previously unavailable evidence to warrant reconsideration of that ruling.

## III.  CONCLUSION

Ameream's motion for reconsideration is **denied.** An appropriate Order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

Date: July 13, 2026

5